## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUART A. WILLIAMS, trustee of THE STUART A. AND FRANCINE W. WILLIAMS REVOCABLE TRUST,<br><br>                              Plaintiff,<br><br>      v.<br><br>CEDE & CO., nominee name of the Depository Trust Company,<br><br>                              Defendant. | CIVIL DIVISION<br><br>Case No. 2:12-cv-01216-DSC<br><br>Judge Cercone |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CEDE & CO.

Defendant Cede & Co. ("Cede"), the nominee of The Depository Trust Company (together with Cede, "DTC"), by its undersigned attorneys, as and for their answer to the Complaint of Plaintiff Stuart A. Williams, Trustee of The Stuart A. and Francine W. Williams Revocable Trust, states as follows in response to each numbered paragraph of the Complaint:

<u>Jurisdiction and Venue</u>

1.      DTC denies the allegations in Paragraph 1.

2.      DTC denies the allegations in Paragraph 2.

<u>The Parties</u>

3.      DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      DTC admits the allegations in Paragraph 4, except that Cede & Co. is a New York partnership and is the nominee of DTC for the registration of securities deposited with DTC.

5.      DTC denies the allegations in Paragraph 5, except admits that DTC is a wholly

owned subsidiary of The Depository Trust & Clearing Corporation ("DTCC").  DTCC is a

holding company, organized under the laws of the State of New York.  DTCC's subsidiaries

provide, *inter alia*, clearing, settlement and information services for equities, corporate and

municipal bonds, government and mortgage-backed securities, money market instruments and

over-the-counter derivatives.

Other Involved Individuals and Entities

6.      DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 6.

7.      DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 7.

8.      DTC admits that Computershare functioned as the transfer agent in connection

with the First Liquidation Distribution.  DTC denies knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 8.

Factual Background

9.      DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 9.

10.     DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 10.

11.     DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 11.

12.     DTC denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 12.

13.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     DTC respectfully directs the Court to the Chapter 11 Plan of Liquidation of President Casinos, Inc. and PRC Management, Inc., dated August 27, 2008 (the "Plan") for a full and complete recitation of its contents, and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

16.     DTC respectfully directs the Court to the order of the Bankruptcy Court and the Plan for a full and complete recitation of their contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

17.     DTC respectfully directs the Court to the Liquidation Trust Agreement and the Plan for a full and complete recitation of their contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

18.     DTC respectfully directs the Court to the Plan for a full and complete recitation of its contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

3

19.     DTC respectfully directs the Court to the Plan for a full and complete recitation of its contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

20.     DTC respectfully directs the Court to the Liquidation Trust Agreement and the Plan for a full and complete recitation of their contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

21.     DTC respectfully directs the Court to the Liquidation Trust Agreement and the Plan for a full and complete recitation of their contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

22.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     DTC respectfully directs the Court to the July 15 Letter for a full and complete recitation of its contents, and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

27.     DTC respectfully directs the Court to the July 15 Letter for a full and complete recitation of its contents, and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC further denies all such allegations.

28.     DTC denies the allegations in Paragraph 28.

29.     DTC denies the allegations in Paragraph 29.

30.     DTC respectfully directs the Court to the Plan for a full and complete recitation of its contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

31.     DTC respectfully directs the Court to the Plan for a full and complete recitation of its contents and states that no response is required to the allegations concerning them.  To the extent a response is deemed required, and any allegation made by Plaintiff is inconsistent with the language of the document, DTC denies all such allegations.

32.     DTC admits that Computershare acted as an agent for the Liquidation Trust and sent communications to DTC concerning the First Liquidation Distribution.  DTC denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 32.

33.     DTC admits that Computershare paid an aggregate amount of $5,917,878.75 to DTC on behalf of the DTC participants who had a position in PCI.  As to the remainder of the allegations, DTC denies knowledge or information sufficient to form a belief as to the customers of DTC's participants.

34.     DTC denies the allegations in Paragraph 34.

35.     DTC admits that DTC allocated to Schwab that portion of the First Liquidation Distribution to which Schwab was entitled and otherwise denies the allegations in Paragraph 35.

36.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     DTC states that no response is required to the allegations in Paragraph 37, which purport to state legal conclusions and arguments, and, to the extent a response is required, denies the allegations.

38.     DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     DTC states that no response is required to the allegations in Paragraph 39, which purport to state legal conclusions and arguments, and, to the extent a response is deemed required, denies the allegations.

40.     DTC states that no response is required to the allegations in Paragraph 40, which purport to state legal conclusions and arguments, and, to the extent a response is deemed required, denies the allegations in Paragraph 40 to the extent Plaintiffs allege that DTC owes any distribution to the Williams Trust, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 40.

41.     DTC admits that the Plaintiffs have made demands upon DTC and that DTC has not made any payments in response, and denies the remaining allegations in Paragraph 41.

<u>Count 1: Breach of Fiduciary Duty</u>

42.     DTC repeats its responses to the allegations in the above paragraphs as though fully set forth herein.

43.     DTC denies the allegations in Paragraph 43.

44.     DTC denies the allegations in Paragraph 44.

45.     DTC denies the allegations in Paragraph 45.

46.     DTC denies the allegations in Paragraph 46.

47.     DTC denies the allegations in Paragraph 47.

48.     DTC denies the allegations in Paragraph 48.

49.     DTC denies the allegations in Paragraph 49.

50.     DTC denies the allegations in Paragraph 50.

51.     DTC denies the allegations in Paragraph 51.

<u>Count II: Negligence</u>

52.     DTC repeats its responses to the allegations in the above paragraphs as though fully set forth herein.

53.     DTC denies the allegations in Paragraph 53.

54.     DTC denies the allegations in Paragraph 54.

55.     DTC denies the allegations in Paragraph 55.

56.     DTC denies the allegations in Paragraph 56.

57.     DTC denies the allegations in Paragraph 57.

58.     DTC denies the allegations in Paragraph 58.

59.     DTC denies the allegations in Paragraph 59.

60.     DTC denies the allegations in Paragraph 60.

<u>Defenses and Affirmative Defenses</u>

Each of the following Defenses and Affirmative Defenses is directed to all allegations of the Complaint. By listing any matter as an affirmative defense, Defendants DTC do not assume the burden of proving matters upon which Plaintiff bears the burden of proof under law.

<u>As and For a First Defense</u>

61.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

<u>As and For a Second Defense</u>

62.     Plaintiff has not suffered damages or any ascertainable loss.

<u>As and For a Third Defense</u>

63.     To the extent Plaintiff has suffered damages or any ascertainable loss, such damages or loss were caused by a third party, and not by Defendants.

<u>As and For a Fourth Defense</u>

64.     Plaintiff has no standing to bring this action.

<u>As and For a Fifth Defense</u>

65.     Plaintiff is barred by the doctrine of unclean hands from obtaining the relief it seeks.

As and For a Sixth Defense

66.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, acquiescence, waiver, and/or estoppel.

As and For a Seventh Defense

67.     Plaintiff would be unjustly enriched if allowed to recover.

As and For an Eighth Defense

68.     This Court lacks personal jurisdiction over the parties to this claim.

As and For a Ninth Defense

69.     This Court lacks subject matter jurisdiction over the facts and law involved in the claim.

As and For a Tenth Defense

70.     Venue is improper in the District Court for the Western District of Pennsylvania and/or this District is not a convenient forum under the doctrine of *forum non conveniens*.

As and For an Eleventh Defense

71.     In performing its functions as a self-regulatory organization under the circumstances presented in the Complaint, DTC is immune from Plaintiff's damages claim under the Securities Exchange Act of 1934.

As and For a Twelfth Defense

72.     DTC does not owe any legally cognizable duty to Plaintiffs.

As and For a Thirteenth Defense

73.     Plaintiff has failed to join necessary parties to this action pursuant to Federal Rules of Civil Procedure Rule 19.

As and For a Fourteenth Defense

74.     This action should be stayed pending the resolution of other actions involving similar claims.

As and For a Fifteenth Defense

75.     Plaintiffs' claims are preempted by federal law.

Additional Affirmative Defenses

76.     Defendant has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to assert additional affirmative defenses that may become known to it through its investigation into this matter or through discovery up to and including at the time of trial. Defendant further reserves the right to amend its answer and affirmative defenses accordingly and to withdraw any affirmative defenses that it determines are not applicable.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, and with costs and disbursements, and grant such other and further relief as the Court may deem just and proper.

Date: September 23, 2013                    Respectfully submitted,

By: s/ David J. Berardinelli
  David J. Berardinelli (PA 79204)
  berardinelli@deforestlawfirm.com
  DEFOREST KOSCELNICK YOKITIS
  SKINNER & BERARDINELLI
  436 Seventh Avenue
  Pittsburgh, PA 15219
  Tel.: (412) 227-3100
  Fax: (412) 227-3130

  Gregg M. Mashberg (admitted *pro hac vice*)
  gmashberg@proskauer.com
  Lawrence S. Elbaum (admitted *pro hac vice*)
  lelbaum@proskauer.com
  PROSKAUER ROSE LLP
  Eleven Times Square
  New York, NY 10036
  Tel.: (212) 969-3000
  Fax: (212) 969-2900

  *Counsel for Defendants Cede & Co., Nominee*
  *of The Depository Trust Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 23rd day of September, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Cede & Co. was filed with the Clerk of Court electronically and notice was served upon the parties by operation of the Court's ECF system.

Dated: September 23, 2013

s/   David J. Berardinelli