**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STUART A. WILLIAMS, trustee of THE STUART A. AND FRANCINE W. WILLIAMS REVOCABLE TRUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CEDE & CO., nominee name of the Depository Trust Company,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)  Case No. cv-12-1216<br>)<br>)  Honorable David S. Cercone<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Fed. R. Civ. P.  26(f) REPORT OF THE PARTIES**

**1.     Identification of counsel and unrepresented parties.**  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

**Counsel for Plaintiff:**

Allen M. Lopus
alopus@@clarkhillthorpreed.com
Danny Cerrone, Jr.
dcerrone@clarkhillthorpreed.com
Clark Hill Thorp Reed
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
(412) 394-7757

**Counsel for Defendant:**

Gregg M. Mashberg
gmashberg@proskauer.com
Lawrence S. Elbaum
lelbaum@proskauer.com
Proskauer
Eleven Times Square
New York, NY 10036-
(212) 969-3161

{01491802}

David Berardinelli
berardinelli@deforestlawfirm.com
DeForest Koscelnik Yokitis Skinner & Berardinelli
Koppers Building, 30th Floor
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 227-3135

**2.     Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

The Plaintiff alleges that the Defendant wrongfully disbursed $106,750.00, or the value of 61,000 shares of President Casinos, Inc. ("President Casinos") stock, to persons other than the Plaintiff.  As the holder of President Casinos' stock as of the Record Date provided in the President Casinos and PRC Management, Inc. Chapter 11 Plan of Liquidation and the Order from the United States Bankruptcy Court for the Eastern District of Missouri, the Plaintiff asserts that it was entitled to the disbursement of these monies.  As a result of the Defendant's actions, the Plaintiff asserts cause of action for breach of fiduciary duty and negligence.

The Defendant denies Plaintiff's allegations.  The Defendant also owed no fiduciary duty or duty of care and was not a party to any contract with the Plaintiff.

**3.     Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on Thursday, September 12, 2013.  Danny Cerrone participated on behalf of Plaintiff and Lawrence Elbaum participated on behalf of Defendant.

**4.     Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The Rule 16 Initial Scheduling Conference is set for <u>October 4, 2013 at 11:45 a.m</u>.  Chief trial counsel for all parties will attend.

**5.     Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

None.

{01491802}

**6.      Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

**The parties agree to non-binding Early Neutral Evaluation.  The parties will work together to select an Early Neutral Evaluator within ten (10) days and inform the Court of their selection and time frame for the completion of the ADR process.**

**7.      Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

In light of settlement discussions in mid-September 2013, the parties agreed that Rule 26(a) Disclosures would be provided on or before October 3, 2013.

**8.      Subjects on which fact discovery may be needed.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

The parties anticipate that discovery will be needed on the following subjects:

1. Documents and communications between DTC/Cede and the President Casinos' Liquidation Trust/Trustee;

2. Documents and communications between DTC/Cede and Computershare relating to President Casinos;

3. Documents and communications between DTC/Cede and any holders of beneficial interests of President Casinos stock;

4. Documents and communications between DTC/Cede and Charles Schwab relating to President Casinos;

5. DTC/Cede internal documents and communications;

6. Documents and communications relating to the Williams Trust's sale of shares in President Casinos;

7. Documents and communications between the Williams Trust and President Casinos' Liquidation Trust/Trustee;

8. Documents and communications between the Williams Trust and any other shareholder in President Casinos;

{01491802}

9. Documents and communications between the Williams Trust and FINRA concerning President Casinos; and

10. Documents and communications between the Williams Trust and any other person concerning President Casinos.

**9. Set forth suggested dates for the following:** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

**Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** The parties agree that Rule 26(a) disclosures will be made by October 3, 2013.

**Date by which any additional parties shall be joined:**

The Plaintiff proposes February 4, 2014. The Defendant proposes November 4, 2014

**Date by which the pleadings shall be amended:**

The Plaintiff proposes February 4, 2014. The Defendant proposes November 4, 2014

**Date by which fact discovery should be completed:**

The Plaintiff proposes March 4, 2014. The Defendant proposes December 4, 2014

**If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties agree that discovery will not be conducted in phases.

**Date by which plaintiff's expert reports should be filed:** For this and subsections 9(g) through 9(k), please see No. 12 below. The parties have agreed to a Post-Fact Discovery Status Conference.

**Date by which depositions of plaintiff's expert(s) should be completed:**

**Date by which defendants' expert reports should be filed:**

{01491802}

**Date by which depositions of defendants' expert(s) should be completed:**

**Date by which third party expert's reports should be filed:**

**Date by which depositions of third party's expert(s) should be completed:**

**10.     If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties agree that no changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule.

**11.     Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

The parties agree that no special deadlines, procedures or orders of court are necessary at this time.

**12.     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected to schedule a Post-Discovery Status Conference following the completion of fact discovery. Therefore, the parties respectfully request that items b. – h. below be deferred until the time of the Post-Fact Discovery Status Conference. Once the Court sets a discovery deadline, the parties request that the Post-Discovery Status Conference be held following that deadline.

      a.     Settlement and/or transfer to an ADR procedure;

      b.     Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference

{01491802}

  **c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

  **d. Dates by which parties= pre-trial statements should be filed;**

  **e. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

  **f. Dates on which motions *in limine* and *Daubert* motions shall be heard;**

  **g. Dates proposed for final pre-trial conference;**

  **h. Presumptive and final trial dates.**

**13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None.

**14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not anticipate the need for appointment of a special master in this action.

**15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

The parties agree to the subjects reported herein.

**16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have considered the possibility of settlement and are continuing to discuss the possibility of settlement in this matter.

{01491802}

| | |
|---|---|
| Dated:  October 3, 2013 | Respectfully submitted, |
| */s/ Danny P. Cerrone, Jr.* | */s/ Lawrence S. Elbaum* |
| Allen M. Lopus (Pa. I.D. No. 76544) | Gregg M. Mashberg |
| alopus@clarkhillthorpreed.com | gmashberg@proskauer.com |
| Danny P. Cerrone, Jr. (Pa. I.D. No. 201091) | Lawrence S. Elbaum |
| dcerrone@clarkhillthorpreed.com | lelbaum@proskauer.com |
| Clark Hill Thorp Reed | Proskauer |
| One Oxford Centre | Eleven Times Square |
| 301 Grant Street, 14th Floor | New York, NY 10036- |
| Pittsburgh, PA  15219 | (212) 969-3161 |
| Telephone: (412) 394-7711 | |
| Facsimile: (412) 394-2555 | David Berardinelli (Pa. I.D. No. 79204) |
| | berardinelli@deforestlawfirm.com |
| *Counsel for Plaintiff* | DeForest Koscelnik Yokitis |
| | Skinner & Berardinelli |
| | Koppers Building, 30th Floor |
| | 436 Seventh Avenue |
| | Pittsburgh, Pennsylvania  15219 |
| | Telephone: 412.227.3135 |
| | Facsimile: 412.227.3130 |
| | |
| | *Counsel for Defendant* |

{01491802}

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2013, the foregoing was served upon all counsel of record via the CM/ECF Electronic filing system of the United States District Court for the Western District of Pennsylvania.

*/s/ Danny P. Cerrone, Jr.*

{01491802}